### SCOTT et al. v. STOVALL et al.

No. 8475.

Court of Civil Appeals of Texas. Austin.

Jan. 22, 1936.

Rehearing Denied Feb. 12, 1936.

Wm. E. Davenport, of San Angelo, for appellants.

Luther Lynn and Glenn R. Lewis, both of San Angelo, for appellees.

BLAIR, Justice.

This is a contest of a local option election held in justice precinct No. 2 of Tom Green county, Tex., at which election 275 votes were cast "for prohibiting the sale of all liquors," and 102 votes were cast "against prohibiting the sale of all liquors." Accordingly, the commissioners' court canvassed the returns and declared the result of the election in favor of prohibiting the sale of all liquors.

The sole question presented is whether the correct form of ballot was used as provided for by House Bill No. 77, chapter 467, Acts 2d Called Session, 44th Legislature (Vernon's Ann.P.C. art. 666—1 et seq.). The official ballot reads as follows:

"Official Ballot.

"For prohibiting the sale of all liquors.

"Against prohibiting the sale of all liquors."

Sections 35 and 40 of article 1 of said House Bill No. 77 (Vernon's Ann.P.C. arts. 666—35, 666—40) provide the various forms of official ballots to be used in different kinds of local option "areas"; and under section 40 it is provided that, where the "issue or issues to be submitted pertain to the prohibition of the sale of liquor of any type or types, one or more of the following issues may be submitted: * * * (c) 'For prohibiting the sale of all liquors.'" and "against prohibiting the sale of all liquors."

It appears that the official ballot was in the exact language of this subsection (c). Appellants did not prove the kind of "area" involved in the election. Nor did they prove what character of "issue or issues" were requested to be submitted by the election. Neither the petition for the election, if one was filed, nor the order of the commissioners' court calling the election, is in evidence. Nor is the notice of

the election in evidence. The petition for the election, the order calling it, and the notice of the election are the best evidence of the kind of area involved and the "issue or issues" submitted. Without them we cannot possibly tell what character of area was involved, nor can we determine whether the official ballot used and in evidence submitted the issue or issues applicable to the local option election held. Only the order canvassing the votes, declaring the results, and posting the order prohibiting the sale of liquor appear in the record. Sections 37 and 38 (Vernon's Ann.P.C. arts. 666—37, 666—38) make these prima facie evidence that "all the provisions of laws" have been complied with in holding the election. In this situation, it will be presumed that the official ballot used was the appropriate one, and in correct form under the statutes governing the election held.

■ Manifestly, it was incumbent upon appellants, in order to successfully contest the election on the ground that an incorrect or inappropriate ballot was used in the election, to allege and prove facts which would show the ballot to be so. This they did not do.

The trial court's judgment will be affirmed.

Affirmed.